**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24817- DPG**

**SEGA CORPORATION, et al.,**

    **Plaintiffs,**

  **v.**

**THE PARTNERSHIPS, AND**
**UNINCORPORATED**
**ASSOCIATIONS IDENTIFIED ON**
**SCHEDULE A,**

    **Defendants.**

_____/

## PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiffs Sega Corporation and Sega of America, Inc.'s ("Plaintiffs" or "Sega") Motion for Entry of a Preliminary Injunction (the "Motion"). [ECF No. 24]. On March 30, 2026, the Court entered the Temporary Restraining Order, [ECF No. 16], and set a hearing to determine whether a preliminary injunction should be issued, [ECF No. 20]. The Court conducted a duly noticed preliminary injunction hearing on April 14, 2026. The Court has carefully considered the record, including Plaintiffs' evidence in support of a preliminary injunction and the argument of counsel. For the reasons stated on the record and set forth below, Plaintiffs' Motion is **GRANTED**.

### I.    FACTUAL BACKGROUND

The following factual background is taken from Sega's Complaint [ECF No. 1], the Motion, supporting evidentiary submissions, and exhibits. Sega is the owner of various copyright registrations related to its Sonic the Hedgehog franchise (the "Sega Copyrighted Works"). *See* [ECF No. 10–2, Masterson Decl.]. Sega also owns federally registered trademarks, which are valid

and registered on the Principal Register of the United States Patent and Trademark Office (the "Sega Trademarks"). *Id.*

Defendants, through internet-based e-commerce stores operating under their seller aliases identified on Schedule A attached herewith (the "Seller Aliases"), have advertised, promoted, offered for sale, sold, or imported goods bearing and/or embodying what Sega has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Sega Trademarks and/or unauthorized copies of the Sega Copyrighted Works. [ECF No. 1]. Sega alleges that it has not licensed or authorized Defendants to use any of the Sega Trademarks or Sega Copyrighted Works, and none of the Defendants are authorized retailers of genuine Sega Products. *See* [ECF No. 10-2, Masterson Decl.¶ 23].

Sega attests that it investigated the promotion and sale of infringing and counterfeit versions of its branded products by Defendants (the "Unauthorized Products"). *See id*. at ¶ 21. Sega alleges that it analyzed each of the e-commerce stores operating under the Seller Aliases and determined that Unauthorized Products were being offered for sale to residents of the United States, including Florida. *Id*. In addition, each e-commerce store offered shipping to Florida. *Id*. Sega attests that it conducted a review and visually inspected the Unauthorized Products listed for sale on each Defendants' e-commerce store and determined said products were non-genuine and unauthorized by Sega. *Id*.

## II.     LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the

non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## III.   DISCUSSION

The declarations, Motion, and evidence Plaintiffs submitted, and the representations made during the Preliminary Injunction hearing support the following conclusions of law:

1.  Sega has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of Unauthorized Products, and that Defendants' Unauthorized Products use infringing and counterfeit versions of the Sega Trademarks and/or unauthorized copies of the Sega Copyrighted Works.

2.  This Court has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Florida. Specifically, Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using the Seller Aliases, offer shipping to Florida, and/or have sold Unauthorized Products to residents of Florida.

3.  Because of the infringement of the Sega Trademarks and/or Sega Copyrighted Works, Sega is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. The following specific facts, as set forth in Sega's Complaint, Sega's Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Sega and to consumers before Defendants can be heard in opposition unless Sega's request for preliminary relief is granted:

a.  Defendants own, operate, and/or control fully interactive, e-commerce stores operating under the Seller Aliases which advertise, offer for sale, sell, and ship Unauthorized Products to customers in Florida that bear infringing and/or counterfeit versions of the Sega Trademarks and/or bear unauthorized copies of the Sega Copyrighted Works; and

b.  There is good cause to believe that more counterfeit and infringing products bearing the Sega Trademarks and/or unauthorized copies of the Sega Copyrighted Works will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the Unauthorized Products; and that Sega may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

4.  The potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing ill-gotten profits if a preliminary injunction order is granted is far outweighed by the irreparable harm Sega, its reputation, and its goodwill has suffered and will continue to suffer if a preliminary injunction order is not issued.

5.  The public interest favors issuance of the preliminary injunction order to prevent consumer confusion and dispel the false impression that Defendants are operating their e-commerce stores with Sega's approval and endorsement, as well as protect Sega's legitimate intellectual property interests. Further, the public will be protected from being defrauded by the illegal sale of Unauthorized Products.

6. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing infringing and/or counterfeit versions of the Sega Trademarks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'") (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)).

7. Pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 502(a), Sega may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing unauthorized copies of the Sega Copyrighted Works. *See Antsy Labs, LLC v. Individuals*, No. 24-cv-61436-WPD, 2024 WL 4472009, at *6 (S.D. Fla. Sept. 16, 2024) ("Under 17 U.S. Code § 504(b) and 17 U.S. Code § 502(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods infringing Plaintiff's Copyrights.").

8. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995).

9. Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Sega has good

reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, upon due consideration of Plaintiffs' Complaint, Motions, and supporting evidentiary submissions, it is **ORDERED AND ADJUDGED** that, pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Sega's Request for Entry of a Preliminary Injunction is **GRANTED** according to the terms set forth below:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them, are preliminarily enjoined and restrained from:

   a. using the Sega Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sega product or not authorized by Sega to be sold in connection with the Sega Trademarks;

   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Sega Copyrighted Works in any manner without the express authorization of Sega;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sega product or any other product produced by Sega, that is not Sega's or not produced under the authorization, control, or supervision of Sega and approved by Sega for sale under the Sega Trademarks and/or Sega Copyrighted Works;

6

d.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Sega, or are sponsored by, approved by, or otherwise connected with Sega;

e.  further infringing the Sega Trademarks and Sega Copyrighted Works and damaging Sega's goodwill; and/or

f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Sega, nor authorized by Sega to be sold or offered for sale, and which bear any of Sega's trademarks, including the Sega Trademarks, or any reproductions, counterfeit copies, or colorable imitations and/or which bear the Sega Copyrighted Work.

2.  Upon Sega's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Seller Aliases, including, without limitation, any online platforms such as Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Sega expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a.  the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in

7

concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller Aliases and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Seller Aliases; and

c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Payoneer Global, Inc. ("Payoneer"), PayPal, Inc. ("PayPal"), Stripe, Inc. ("Stripe"), and Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Sega's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Sega Trademarks and/or which bear the Sega Copyrighted Works.

4. Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including Payoneer, PayPal, Stripe, and Walmart, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Andrew Masterson, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Sega is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in active concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller Aliases and Defendants' financial accounts, as well as providing full accounting of

Defendants' sales and listing history related to their respective Seller Aliases.

7. Sega is authorized to issue the expedited discovery requests authorized in Paragraph 6 via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules.

9. The ten-thousand-dollar ($10,000) bond posted by Sega shall remain with the Court until a final disposition of this case or until the Preliminary Injunction is terminated.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**SCHEDULE A**

| No | Seller Alias | Infringement Type | URL |
|----|--------------|-------------------|-----|
| 1 | Be happy every day | Copyright only | https://www.walmart.com/global/seller/102822538 |
| 2 | chunfumaoyigongsi | Copyright only | https://www.walmart.com/global/seller/102905833 |
| 3 | CROCSO | Copyright only | https://www.walmart.com/global/seller/102882159 |
| 4 | de hua | Copyright only | https://www.walmart.com/global/seller/102859152 |
| 5 | DongLao Trading | Copyright only | https://www.walmart.com/global/seller/102742213 |
| 6 | Duo Duo Doll | Copyright only | https://www.walmart.com/global/seller/102865756 |
| 7 | Easolae Parker | Copyright only | https://www.walmart.com/global/seller/102850534 |
| 8 | FerMerCL | Copyright only | https://www.walmart.com/global/seller/102655279 |
| 9 | Friend Shop 996 | Copyright only | https://www.walmart.com/global/seller/102769705 |
| 10 | guangzhoupengshuangfuzhuang | Copyright only | https://www.walmart.com/global/seller/102860757 |
| 11 | guangzhouyuexikeji | Copyright only | https://www.walmart.com/global/seller/102854793 |
| 12 | HaoLong Zhang | Copyright only | https://www.walmart.com/global/seller/102814263 |
| 13 | jiuyi shop | Copyright only | https://www.walmart.com/global/seller/101632710 |
| 14 | Jowpytelovly | Copyright only | https://www.walmart.com/global/seller/102524790 |
| 15 | joyboy | Copyright only | https://www.walmart.com/global/seller/102791787 |
| 16 | Longyanxinluowenyalaiyan | Copyright only | https://www.walmart.com/global/seller/102760067 |
| 17 | Ludong Shop | Copyright only | https://www.walmart.com/global/seller/102871630 |
| 18 | MachineryEquipmentLeasingCoLtd | Copyright only | https://www.walmart.com/global/seller/102868409 |
| 19 | Magical Memento | Copyright only | https://www.walmart.com/global/seller/102669860 |
| 20 | momoer | Copyright only | https://www.walmart.com/global/seller/102923267 |
| 21 | rain rain holiday 2025 | Copyright only | https://www.walmart.com/global/seller/102834036 |

| 22 | shunjiawei | Copyright only | https://www.walmart.com/global/seller/102745103 |
|---|---|---|---|
| 23 | WiseFlew | Copyright only | https://www.walmart.com/global/seller/102748497 |
| 24 | xiangD | Copyright only | https://www.walmart.com/global/seller/102871240 |
| 25 | yangfanqihang | Copyright only | https://www.walmart.com/global/seller/102743815 |
| 26 | YinBo Huang | Copyright only | https://www.walmart.com/global/seller/102912195 |
| 27 | Yue Yue Shun Trading | Copyright only | https://www.walmart.com/global/seller/102873872 |
| 28 | ZhangKeKe | Copyright only | https://www.walmart.com/global/seller/102854348 |
| 29 | muzhidianzi | Trademark only | https://www.walmart.com/global/seller/102905069 |
| 30 | ShanYun Hua | Trademark only | https://www.walmart.com/global/seller/102862692 |
| 31 | songfei | Trademark only | https://www.walmart.com/global/seller/102866394 |
| 32 | ZIVEN SHOP | Trademark and Copyright | https://www.walmart.com/global/seller/102889377 |
| 33 | ADYTKART | Trademark and Copyright | https://www.walmart.com/global/seller/102790966 |
| 34 | caipan | Trademark and Copyright | https://www.walmart.com/global/seller/102912406 |
| 35 | ChuanChuan Peng | Trademark and Copyright | https://www.walmart.com/global/seller/102860628 |
| 36 | CrossBloom Wonders | Trademark and Copyright | https://www.walmart.com/global/seller/102909841 |
| 37 | dongguanshijizhangfang | Trademark and Copyright | https://www.walmart.com/global/seller/102819379 |
| 38 | funny-shop | Trademark and Copyright | https://www.walmart.com/global/seller/102898732 |
| 39 | guangzhouyilongshangmao | Trademark and Copyright | https://www.walmart.com/global/seller/102923007 |

| 40 | guanxiancongdishangmao | Trademark and Copyright | https://www.walmart.com/global/seller/102767061 |
|---|---|---|---|
| 41 | Gwen Apparel Co., Ltd. | Trademark and Copyright | https://www.walmart.com/global/seller/102748567 |
| 42 | hangzhouxishungongyinglian | Trademark and Copyright | https://www.walmart.com/global/seller/102765988 |
| 43 | hefeishimeihuoduo | Trademark and Copyright | https://www.walmart.com/global/seller/102823515 |
| 44 | JAAEHOME | Trademark and Copyright | https://www.walmart.com/global/seller/101501882 |
| 45 | Jiangdong Jierui | Trademark and Copyright | https://www.walmart.com/global/seller/102841113 |
| 46 | jiefu | Trademark and Copyright | https://www.walmart.com/global/seller/102827780 |
| 47 | JING HANG | Trademark and Copyright | https://www.walmart.com/global/seller/102720718 |
| 48 | Jing Zhao | Trademark and Copyright | https://www.walmart.com/global/seller/102858960 |
| 49 | jinhanbo | Trademark and Copyright | https://www.walmart.com/global/seller/102905591 |
| 50 | Life-Essentials | Trademark and Copyright | https://www.walmart.com/global/seller/101630035 |
| 51 | Safan Ecommerce LLC | Trademark and Copyright | https://www.walmart.com/global/seller/102712359 |
| 52 | sangyuxiang | Trademark and Copyright | https://www.walmart.com/global/seller/102844566 |
| 53 | Shop-Kamani | Trademark and Copyright | https://www.walmart.com/global/seller/102770829 |
| 54 | Teesweet STORE | Trademark and Copyright | https://www.walmart.com/global/seller/102717086 |

| 55 | Tianxinyu | Trademark and Copyright | https://www.walmart.com/global/seller/102901892 |
|---|---|---|---|
| 56 | Tina P | Trademark and Copyright | https://www.walmart.com/global/seller/102904149 |
| 57 | ValuePlus | Trademark and Copyright | https://www.walmart.com/global/seller/102772215 |
| 58 | WangCongJun | Trademark and Copyright | https://www.walmart.com/global/seller/102848986 |
| 59 | Wei Xie | Trademark and Copyright | https://www.walmart.com/global/seller/102845291 |
| 60 | Xia men shi yi | Trademark and Copyright | https://www.walmart.com/global/seller/102781642 |
| 61 | Xia Yanqi | Trademark and Copyright | https://www.walmart.com/global/seller/102826665 |
| 62 | xiaoli01 | Trademark and Copyright | https://www.walmart.com/global/seller/102786271 |
| 63 | xiaoyidianshang | Trademark and Copyright | https://www.walmart.com/global/seller/102890766 |
| 64 | Xiu Jinwei | Trademark and Copyright | https://www.walmart.com/global/seller/102827733 |
| 65 | XNB Bag Store | Trademark and Copyright | https://www.walmart.com/global/seller/102838682 |
| 66 | XUXU.LTD | Trademark and Copyright | https://www.walmart.com/global/seller/102833500 |
| 67 | Yajing Tech | Trademark and Copyright | https://www.walmart.com/global/seller/102576178 |
| 68 | yanpeng | Trademark and Copyright | https://www.walmart.com/global/seller/102922884 |
| 69 | yuxiakeji | Trademark and Copyright | https://www.walmart.com/global/seller/102912696 |

| 70 | zeshow | Trademark and Copyright | https://www.walmart.com/global/seller/102798432 |
|----|--------|-------------------------|--------------------------------------------------|
| 71 | zhangxinwan | Trademark and Copyright | https://www.walmart.com/global/seller/102884524 |
| 72 | Zoe Wu | Trademark and Copyright | https://www.walmart.com/global/seller/102866400 |